United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff, | ) ) ) |
| v. | )  Criminal Case No. 17-20082-CR-Scola ) |
| Oberto Jean, Defendant. | ) ) |

### Order Denying Third Motion for Release

Now before the Court is Defendant Oberto Jean's third motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, the Court denies Jean's motion (ECF No. 100).

Jean pled guilty to possession of fifteen or more unauthorized access devices, aggravated identify theft, and possession of a firearm and ammunition by a convicted felon. He was sentenced to 72 months imprisonment, which was nine months below the bottom of the guidelines range, as well as three years supervised release, on October 4, 2017. (ECF No. 95 at 4-5.) Jean now moves for his immediate release from the Bureau of Prisons ("BOP") due to the threat posed by the Covid-19 pandemic. Jean claims that his medical condition, high blood pressure, age (Jean is 38-years-old) and detention at a federal prison, put him at a significantly increased risk of contracting a severe case of the coronavirus, and, therefore, he should be immediately released from prison and transferred to home confinement. In this new motion, the Defendant, through counsel, has better articulated his arguments for release. Nevertheless, the Court still cannot conclude that does not agree that release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is appropriate in this case for several reasons.

First, Jean did not meet his burden to show that "extraordinary and compelling reasons" support his release. If an inmate has a chronic medical condition that has been identified by the CDC as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons," especially for inmates over the age of 65.[1] Jean is a 38-year-old inmate suffering from high blood pressure and is morbidly obese. (ECF No. 100.) He has attached medical records to his motion

---

[1] Center for Disease Control and Prevention, *Coronavirus Disease: People who are at higher risk for severe illness*, updated April 15, 2020 at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (people over the age of 65 and those with certain chronic conditions are at a high-risk of severe illness from COVID-19).

that prove that he has these ailments. (ECF No. 102-2.) Nevertheless, his ailments to not appear to be acute enough to warrant his release after serving less than 50% of his sentence. Jean cannot show that extraordinary and compelling reasons support his release and, because he is 38-years-old, his risk of developing a severe case is diminished. *Cf. United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.) (granting compassionate release for the Defendant with end-stage renal failure, heart failure, diabetes, and a history of respiratory illnesses after he completed 60% of his sentence).

Second, Jean did not demonstrate that he would not pose a danger to the community and that the 3553 factors weigh in favor of his release. Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Jean is a repeat offender. Indeed, one of his convictions in this case was based on his possession of a firearm and ammunition as a convicted felon. Crucially, he has completed less than 50% of this sentence, and the applicable 18 U.S.C. § 3553(a) factors—such as the nature and circumstances of the offense, the history and characteristics of the offender, the need to ensure adequate punishment, deterrence, and community protection—do not warrant Jean's release after serving less than half of his sentence.

Accordingly, the Court **denies** the motion (**ECF No. 100**).

**Done and ordered** at Miami, Florida, on August 14, 2020.

Robert N. Scola, Jr.
United States District Jud